IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:17-CV-248-BO

| | | |
|---|---|---|
| DERIUM XAVION BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings [DE 17, 22]. The motions have been fully briefed and are ripe for disposition. A hearing on this matter was held in Raleigh, North Carolina on November 16, 2018. For the reasons discussed below, plaintiff's motion [DE 17] is DENIED and defendant's motion [DE 22] is GRANTED. The decision of the Commissioner is AFFIRMED.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for supplemental security income (SSI) pursuant to Title XVI of the Social Security Act. Plaintiff filed his SSI application on March 18, 2014, alleging disability due to mental health problems, bipolar disorder, asthma, depression, and shortness of breath. [Tr. 19, 192–99, 212]. Plaintiff's application was denied both initially and upon reconsideration, in July 2014 and October 2014, respectively. [Tr. 114–22, 126–35].

At plaintiff's request, a hearing was held before an administrative law judge (ALJ) on October 27, 2014, at which plaintiff and his attorney appeared. [Tr. 37–59]. The ALJ issued a

decision in March 2017, finding that plaintiff was not disabled. [Tr. 16–36]. In May 2017, the Appeals Council denied plaintiff's request for review. [Tr. 1–5].

In December 2017, plaintiff filed the complaint at issue, seeking judicial review of the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c)(3). [DE 1]. Plaintiff and defendant then filed cross-motions for judgment on the pleadings which have been fully briefed and are ripe for disposition. [DE 17, 22].

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted). Courts should not make their own credibility determinations or substitute their own judgments for the judgments of the ALJs. *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). In making a disability determination, the ALJ engages in a sequential five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson*, 434 F.3d at 653. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments (Listing). *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is included in the Listing or is equivalent to a listed impairment, disability is conclusively presumed. If the claimant's impairment does not meet or equal a listed impairment, then the analysis proceeds to step four, where the claimant's residual functional capacity is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and residual functional capacity can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, then the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). In this case, the ALJ's inquiry ended at step five when she concluded that plaintiff was able to perform work that existed in significant numbers in the national economy. [Tr. 29–30]. In other words, the ALJ concluded that plaintiff was not disabled within the meaning of the Social Security Act.

Plaintiff alleges that the ALJ erred by (1) failing to properly weigh the opinions of plaintiff's treating physicians and (2) failing to find that plaintiff had an acceptable reason for refusing to comply with medical treatment. But a careful review of the record and the ALJ's decision shows that the decision was properly supported by substantial evidence and that remand would not be appropriate.

I. Treating Source Opinions

In deciding whether a claimant is disabled, an ALJ must always consider the medical opinions in the case record together with the rest of the relevant evidence received. 20 C.F.R. §§ 404.1527(a)(2)(b), 416.927(a)(2)(b).[1] A medical opinion is a statement "from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [she] can still do despite impairment(s), and [her] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). Treating source opinions are entitled to controlling weight if they are "well supported by medically acceptable clinical and laboratory diagnostic techniques and [are] not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). An ALJ's determination "as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication that the ALJ has dredged up 'specious inconsistencies,' . . . or has failed to give a sufficient reason for the weight afforded a particular opinion." *Dunn v. Colvin*, 607 F. App'x 264, 267 (4th Cir. 2015). Factors that ALJs consider in determining how much weight to afford a medical opinion include (1) the examining

---

[1] In January 2017, the Social Security Administration published final rules titled "Revisions to Rules Regarding the Evaluation of Medical Evidence." 82 Fed. Reg. 5844; *see also* 82 Fed. Reg. 15132 (March 27, 2017) (amending and correcting the final rules published at 82 Fed. Reg. 5844). Because these final rules did not become effective until after the ALJ's decision, they do not apply in this case, and the citations in this order are to the rules in effect at the time of the ALJ's decision.

4

relationship, (2) the treatment relationship, (3) the supportability of the opinion, (4) the consistency of the opinion with the record as a whole, (5) the physician's specialization, and (6) other relevant factors. 20 C.F.R. § 404.1527(c).

Substantial evidence supports the ALJ's assessment of the medical opinions. Plaintiff argues that the ALJ erred in discounting the opinions of Ms. Hickman and Dr. Silver. [DE 18, p. 10–11]. As to Ms. Hickman's opinion, the ALJ discussed at length her reasons for assigning it limited weight. [Tr. 28]. The "treating physician rule" requires controlling weight to be given to a well-supported treating source as to the nature and severity of a claimant's impairment. 20 C.F.R. § 416.927(c). This rule remains in effect in this case as plaintiff filed her claim prior to March 24, 2017. *Brown v. Comm'r Soc. Sec.*, 873 F.3d 251, 255 (4th Cir. 2017). However, "some issues are not medical issues regarding the nature and severity of an individual's impairment(s) but are administrative findings that are dispositive of a case," including whether an individual is disabled under the Social Security Act and whether an individual's residual functional capacity prevents him or her from performing certain jobs. *See* Social Security Ruling 96-5p, 1996 WL 374183 at *2 (S.S.A. 1996). Rather, "the final responsibility for deciding issues such as these is reserved to the Commissioner." *Id.* The record reflects that the ALJ discounted Ms. Hickman's opinion as to these issues and to the extent that it conflicted with the objective findings of other medical reports in the record. [Tr. 28, 326, 400, 403, 409, 429, 432, 479, 513]. As to Dr. Silver, the ALJ gave sufficient reasons for affording the opinion little weight, including that it was inconsistent with the record evidence. [Tr. 27]. Overall, substantial evidence exists in the record to support the ALJ's assessments of the treating source opinions and there was no reversible error.

II. Medical Compliance

To be eligible for SSI disability benefits, a claimant must follow prescribed treatment if it is expected to restore the claimant's ability to work, unless the claimant has an acceptable reason for non-compliance. 20 C.F.R. § 416.930. The Commissioner bears the burden of establishing unjustified non-compliance by substantial evidence. *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985).

Plaintiff argues that his non-compliance "was not deliberate, but instead the result of his severe mental impairments." [DE 18, p. 12]. But the record does not support this excuse. Plaintiff testified before the ALJ that he was currently compliant with his medication and that the treatment was helping. [Tr. 45, 49]. In support of his position, plaintiff points only to a supplemental medical source statement submitted by Ms. Hickman which was not before the ALJ. [Tr. 15, 16–36]. No other medical opinion suggests that plaintiff's mental impairments prevented him from complying with his treatment. Plaintiff's argument is unpersuasive. Substantial evidence exists in the record to support the ALJ's determination that plaintiff's non-compliance was unjustified and contributed to his difficulties.

CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court finds that the decision as a whole is supported by substantial evidence and that the correct legal standard was applied. Accordingly, plaintiff's motion for judgment on the pleadings [DE 17] is DENIED and defendant's motion for judgment on the pleadings [DE 22] is GRANTED. The decision of the Commissioner is AFFIRMED. The Clerk is directed to close the file.

SO ORDERED, this ⟳ day of December, 2018.

*Terrence W. Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE